UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHNNY RAY CHANDLER, SR.**          )<br>                                                                      )<br>                                                                      )<br>                         **Plaintiff**             )<br>          v.                                                       )<br>                                                                      )     Civil Action No. 06-1314 (PLF)<br>                                                                      )     (ECF)<br>**MR. MATTHEW KIELY, et al.,**             )<br>                                                                      )<br>                         **Defendants.**         )<br>_____)  | |

DEFENDANT'S MOTION TO DISMISS IN LIEU OF AN ANSWER[1]

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and the Tucker Act, 28 U.S.C. § 1491(a)(1),[2] Defendant, the United States of America,[3] respectfully requests that the Court dismiss the instant Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff has been classified as a prolific filer and, as such, must certify that his claims are not frivolous, or duplicative of claims previously brought.

---

[1] By filing this Motion, Defendant does not waive any procedural or substantive defenses, that it may otherwise present.

[2] Plaintiff has not cited the Tucker Act, or any statutory provision that jurisdiction lies in this Court over this alleged breach of contract claim. *See* Compl., generally. This, in itself, could be fatal to his Complaint. *See* Fed. R. Civ. P. 8(a)(1). In any event, the removal of the GPS device matter is now moot, because it was removed when Plaintiff was returned to Prison for having violated the terms of his parole.

[3] Per Mr. Contreras' *Westfall* Certification, substitution of the United States for Messrs. Kiely and Campos was effectuated during the litigation of Civ. Act. No. 06-0664 (PLF), involving their interactions with the Plaintiff, including those relating to the GPS device and its removal. *See* Exh. 1, Contreras Second *Westfall* Certification, attached to Federal Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment, in Civ. Act. No. 06-0664, Dkt. Nos. 32 and 35.

To date, he has not done so.  Furthermore, no contract regarding the removal of the global positioning device ("GPS device"), existed between the Plaintiff and Court Services and Offender Supervision Agency ("CSOSA") or its employees.  Even if the Court finds that the Plaintiff may bring this contract-based complaint, it lacks jurisdiction over his claim.  Accordingly the complaint should be dismissed.

In support of this Motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.  Plaintiff, who is proceeding *pro se*, should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits will be accepted by the Court as true unless the Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein.  *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992).

Furthermore, should this Court treat the Defendant's motion as one for summary judgment because of the document attached, the Federal Rules of Civil Procedure provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) ("pro se party may lose if he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume

that facts identified by the moving party in its statement of facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.").

                          Respectfully submitted,

                          _____/s/_____
                          Jeffrey A. Taylor D.C. Bar # 498610
                          United States Attorney

                          _____/s/_____
                          Rudolph Contreras D.C. Bar # 434122
                          Assistant United States Attorney

                          _____/s/_____
                          Mercedeh Momeni
                          Assistant United States Attorney
                          Civil Division
                          555 4th Street, N.W.
                          Washington, D.C. 20530
                          (202) 305-4851

*Of Counsel:*
Stephen Arthur Bailey, Esq.
CSOSA, General Counsel's Office
633 Indiana Avenue, NW
Washington, DC 20004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHNNY RAY CHANDLER, SR.**         )<br>                                                                  )<br>                                                                  )<br>                **Plaintiff**                        )<br>        v.                                                    )<br>                                                                  )    Civil Action No. 06-1314 (PLF)<br>                                                                  )    (ECF)<br>**MR. MATTHEW KIELY, et al.,**           )<br>                                                                  )<br>                **Defendants.**                  )<br>                                                                  ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS IN LIEU OF AN ANSWER**

Defendant hereby submits this memorandum of points and authorities in support of its Motion to Dismiss in Lieu of an Answer.

**Introduction**

Plaintiff filed the instant Complaint alleging breach of contract against his former Community Supervision Officers ("CSOs"), Matthew Kiely and Gregory Campos,[1] for the alleged failure to remove a global positioning device ("GPS device"), from his ankle in a timely manner. *See* Compl., pp. 1-2. The Complaint must be dismissed because to date, Plaintiff has not met the filing requirements, outlined in the Hon. Judge Gladys Kessler's Memorandum and

---

[1] Per Mr. Contreras' *Westfall* Certification, substitution of the United States for Messrs. Kiely and Campos was effectuated during the litigation of Civ. Act. No. 06-0664 (PLF). *See* Exh. 1, Contreras Second *Westfall* Certification, attached to Federal Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment, in Civ. Act. No. 06-0664, Dkt. Nos. 32 and 35.

1

Opinion, in *Chandler v. D.C. Dep't of Corr.*, Civil Action Number 95-2366 (D.D.C. March 10, 1996). Furthermore, no contract existed between the parties regarding the removal of the GPS device.[2] Plaintiff attaches Exhibit A to his complaint, in support of his contentions to the contrary. However, that document merely outlines some terms and conditions of his parole and is not a contract. Even if the Court deems Plaintiff's action as contract-based, the Court lacks jurisdiction, pursuant to the Tucker Act.

## Standard of Review

**1. Subject Matter Jurisdiction**

When reviewing a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where a motion to dismiss, however, presents a dispute over the factual basis for the Court's jurisdiction, the Court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." *Phoenix Consulting, Inc. v. Rep. of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000). "The plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence." *Pitney Bowes, Inc. v. United States Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C.1998).

**2. Failure to State a Claim Upon Which Relief May be Granted**

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court

---

[2] In the interest of full disclosure, Defendant acknowledges that a document titled "Electronic Monitoring Equipment Assignment Contract" exists in Plaintiff's CSOSA file. *See* Exh. 1, attached hereto. However, this document specifies the applicable rules to be followed by the offender in his use and maintenance of the device and there is no mention of a removal time therein. *Id*.

must determine whether the plaintiff has alleged sufficient facts in its complaint to state a cause of action. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must accept all well-pleaded facts as true. *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). If, after reviewing the complaint, the Court finds "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the Court must dismiss the complaint. *Conley*, 355 U.S. 45-46. Generally Speaking, the Court should not consider matters beyond the pleadings without converting the motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6).

## **Legal Argument**

### **I.  Plaintiff Has not Met the Certification Requirements in Judge Kessler's 1996 Decision.**

In 1996, Plaintiff was certified as a prolific filer, and barred from filing civil actions without leave of Court. *See Chandler v. D.C. Dep't of Corr.*, Civil Action Number 95-2366 (D.D.C. March 10, 1996). To seek leave to file, Plaintiff is required to "certify that his claims have never before been raised and disposed of on the merits. He must also certify that the claims are not frivolous or harassing." *Id*. at 9. To date, Plaintiff has filed no such certification in this case. *See* Dkt. generally.

Additionally, Plaintiff's claims are rooted in the exact same issues raised in Civil Action

3

No. 06-0664 ("*Chandler I*").³  Specifically, in that action, Plaintiff claimed that he was forced to comply with restrictions imposed on sex offenders, including wearing a GPS device, and that CSOSA employees, including Messrs. Campos and Kiely, conspired against him when they allegedly ordered that Plaintiff continue wearing the device.  *See Chandler I*, Dkt. No. 1, and Motion to Amend Compl., Dkt. No. 18, pp. 5-6.  Plaintiff requested an award of $10,000.00, each against Messrs. Kiely and Campos, *inter alia*, in *Chandler I*.  *See Chandler I*, Motion to Amend Compl., Dkt. No. 18, at 6.  Accordingly, Plaintiff's complaint should be dismissed for his failure to comply with Judge Kessler's Order and because it is duplicative of his Complaint in *Chandler I*.  Because Plaintiff has not complied with Judge Kessler's 1996 Order and because his claims are rooted in the same facts and issues as Chandler I, the instant Complaint should be dismissed.

## II.     This Court Lacks Jurisdiction Over Breach Of Contract Claims.

Preliminarily, it should be noted that Exhibit A, attached to Plaintiff's instant Complaint, is not a contract.  Compl., Exh. A.  The document, titled "GPS Monitoring Offender Profile Report," ("Profile Report") is a partial outline of the terms and conditions of Plaintiff's parole, as it relates to the GPS device, and nothing more.  *Id*.  Moreover, courts have noted that a parolee does not have any bargaining power in the negotiation of the term of "his parole agreement, does not enter into the parole agreement on an equal status with the state, cannot object to terms he may think unreasonable and, since the parole agreement is presented to him on a take-it or leave-it basis, has no reasonable, choice but to sign the agreement regardless of its terms." *Hahn*

---

³  Defendants in *Chandler I* have filed their dispostive motion and await Plaintiff's Opposition.  *See Chandler I*, Dkt. Nos. 32 and 35.

*v. Burke*, 430 F.2d 100, 104-05 (1970)(internal citations omitted), *cert denied* 420 U.S. 933 (1971). *See also Jago v. Van Curen*, 454 U.S. 14, 18 (1981)("We would severely restrict the necessary flexibility of . . . parole authorities were we to hold that any one of their myriad decisions with respect to individual[s] . . . may, as under the general law of contracts, give rise to protected 'liberty' interests . . . .") However, because no contract existed between CSOSA and the Plaintiff that specified a date certain on which the GPS device would be removed, Plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

Nevertheless, even if the Court finds that the Profile Report could be deemed a contract, it lacks subject matter jurisdiction, pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). The D.C. Circuit has held that actions for breach of contracts belong in the United States Court of Federal Claims where the amount sought exceeds $10,000, as does Plaintiff's claim. *See Brown v. United States of America*, 389 F.3d 1296, 1297 (D.C. Cir. 2004) (affirming dismissal of claim "because this contract question arises in a suit against the United States for more than $10,000 in damages, jurisdiction to decide whether the Department breached the contract lies exclusively in the Court of Federal Claims.") and Compl. at 1.

The Court of Federal Claims has jurisdiction of claims against the United States founded upon any contract with the United States. The contract liability which is enforceable under the Tucker Act suit, however, does not extend to every agreement, understanding, or compact which can semantically be stated in terms of offer and acceptance or meeting of the minds. *Kania v. United States*, 227 Ct. Cl. 458, 650 F.2d 264, 268, *cert. denied*, 454 U.S. 895 (1981). In *Kania*, the plaintiff asserted that he had entered into an agreement with an Assistant United States Attorney under which Kania would cooperate with the government by testifying truthfully before

5

the grand jury in return for which he would not be prosecuted for any of the actions which occurred while he was employed with the company under investigation. Kania did testify before the grand jury, and was later indicted. He employed counsel to represent him in the criminal matter, and succeeded in having the case dismissed based upon the agreement. Kania then sought damages for the breach of that agreement, including the cost of legal fees paid to his criminal defense lawyers. The Court of Claims in *Kania*, concluded that the claim at issue did not meet the Court's "very special jurisdictional standards." *Kania*, 650 F.2d at 269. The arrangement with the prosecutors in the case was not sufficient to give the Court jurisdiction or power to award money damages. Id. In reaching this conclusion the Court of Claims noted: "It is particularly unreasonable to suppose that Congress in enacting the Tucker Act intended for this court to intervene in the delicate and sensitive business of conducting criminal" proceedings. *Kania,*, 650 F.2d at 269.

A similar conclusion was reached in *Grundy v. United States*, 2 Cl. Ct. 596 (1983). In *Grundy*, the plaintiffs asserted a cause of action on an alleged contract with the United States Marshals Service, under which the Grundy's agreed to provide a "safehouse" for the protection of witnesses waiting to testify against defendants in federal criminal cases, in return for which the government agreed, *inter alia*, to protect plaintiffs should they be exposed to danger, that plaintiff's would come to no harm by reason of their cooperation, and that the government would indemnify them from any losses they might sustain because of their cooperation. *Grundy*, 2 Cl. Ct. at 597. Citing *Kania*, the Court noted that "the government contract basis for jurisdiction for this court is . . . limited to situations where the government contracts in a non-sovereign capacity, or, at the least, contracts for the payment of money." *Id*. at 598. The Court concluded: "The

alleged contract here was not of a kind which the government would make in a non-sovereign capacity, nor did it provide for payment of money to plaintiffs." *Grundy*, 2 Cl. Ct. at 598. The same may be said of the agreement alleged by Plaintiff in the instant action.[4]

Here, specifically, Plaintiff alleges a breach of contract by CSOSA employees for their failure to timely remove the GPS device from his ankle. He demands $50,000 in damages from Messrs. Kiely and Campos. *See* Compl. p. 1. Thus, even if the Court deems the "contract" to be a viable one, *i.e.,* a document beyond the scope of CSOSA's routine placement of terms and conditions upon the Plaintiff's parole, then it lacks jurisdiction to hear Plaintiff's Complaint and to award damages, because jurisdiction lies with the Court of Federal Claims. Accordingly, the Complaint must be dismissed. Fed. R. Civ. P. 12(b)(1).

---

[4] In any event, a claimant for money damages for breach of an express or implied in fact contract must plead and prove that the officer who supposedly made the contract had authority to obligate appropriated funds for such purpose. *Grundy v. United States*, 2 Cl. Ct. at 599; *Howard v. United States*, 23 Cl. Ct. 432, 434 (1991); *C.H. v. Sullivan*, 920 F.2d 483, 485 (8th Cir. 1990); *Phelps v. United States*, 5 Cl. Ct. 740, 743-44 (1984). Plaintiff has not alleged that CSOs Kiely and Campos had any such authority.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion to dismiss for Plaintiff's failure to state a claim and for lack of jurisdiction.

>Respectfully submitted,


>_____/s/_____
>JEFFREY A. TAYLOR, D.C. Bar #498610
>United States Attorney

>\_\_\_\_\_/s/_____
>RUDOLPH CONTRERAS, D.C. BAR #434122
>Assistant United States Attorney

>_____/s/_____
>MERCEDEH MOMENI
>Assistant United States Attorney
>Civil Division
>555 4th Street, N. W.
>Washington, D.C.  20530

*Of Counsel:*
Stephen Arthur Bailey, Esq.
CSOSA, General Counsel's Office
633 Indiana Avenue, NW
Washington, DC 20004

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2007, I caused the foregoing *Motion to Dismiss in lieu of an Answer* to be served on *pro se* Petitioner, postage prepaid, addressed as follows:

**JOHNNY RAY CHANDLER, SR.**
**R11977-007**
**PETERSBURG FEDERAL CORRECTIONAL CENTER**
**Medium**
**P.O. Box 90043**
**Petersburg, VA  23804**

                                                     /s/
                                           MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, NW
Civil Division
Washington, DC 20530
(202) 305-4851
(202) 514-8780 (facsimile)