UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHNNY RAY CHANDLER, SR.** ) | |
| ) | |
| ) | |
| **Plaintiff** ) | |
| v. ) | |
| ) | Civil Action No. 06-1314 (PLF) |
| ) | (ECF) |
| **MR. MATTHEW KIELY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS IN LIEU OF AN ANSWER

Defendant, the United States of America, hereby submits the following reply in support of its Motion to Dismiss in Lieu of an Answer. Defendant incorporates, by reference, all arguments presented in its opening brief. Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opp.") does not address any of the key arguments that render his Complaint dismissible. *See* Doc. No. 16.

First, Plaintiff *still* has not met the certification requirements of Judge Kessler's 1996 decision. His claims in the instant Complaint are rooted in the same issues raised in Civil Action No. 06-0664 ("*Chandler I*"), and should be dismissed as harassing and duplicative. Second, Plaintiff has not even attempted to rebut Defendant's argument that a parolee may not negotiate the terms of his parole nor may he object to the terms that he believes are unreasonable. *Hahn v. Burke*, 430 F.2d 100, 104-05 (7th Cir. 1970) (internal citations omitted), *cert denied* 420 U.S. 933 (1971). *See also Jago v. Van Curen*, 454 U.S. 14, 18 (1981).

Even if the Court finds that Plaintiff may negotiate a contract with the government, about

the terms and conditions of his parole, it should reject his belated attempts to move the proverbial goal posts, as to the purported "contract" at issue. Plaintiff first attempted to suggest that Exhibit A, attached to his instant Complaint,[1] was the "contract" in question. Defendant explained, in its moving papers, that the document, titled "GPS Monitoring Offender Profile Report" ("Profile Report"), was a partial outline of the terms and conditions of Plaintiff's parole, as it relates to the GPS device, and nothing more. Defendant also attached a set of documents, found in Agency's files on Plaintiff's, which bear the label "Electronic Monitoring Equipment Assignment Contract," and explained that those documents are used only to specify the applicable rules to be followed by the offender in his use and maintenance of the GPS device. Those documents were devoid of an "end date." Now, almost a year after he filed his Complaint, in his Opposition, Plaintiff claims that some document he labels as "Contractual Agreement of January 2006" dictated a time frame during which he was to wear the GPS device in question. *See* Opp. at 4. Curiously, Plaintiff does not produce this document.[2]

In the final analysis, Plaintiff's claim is wholly untenable due to his failure to state a claim upon which relief can be granted, and for lack of jurisdiction. *See* Fed. R. Civ. P. 12(b)(1) and (b)(6). Assuming *arguendo* that Plaintiff had the capacity to negotiate the terms of his parole *and* that a contract with an end date existed, *and* that his parole officers had the power to bind the United States (*see, e.g., Howard v. United States*, 23 Cl. Ct. 432, 434 (1991) and *C.H. v.*

---

[1] A recent review of the docket revealed that when Defendant removed Plaintiff's instant Complaint from the District of Columbia's Superior Court, Plaintiff's Exhibit A was not attached to the removal documents. This was due to an administrative error, and Defendant regrets any inconvenience that may have been caused as a result. The document is attached herewith.

[2] CSOSA officials represent to undersigned counsel that they have conducted a good-faith search of Plaintiff's files at the Agency and found no such document.

*Sullivan*, 920 F.2d 483, 485 (8th Cir. 1990)), this Court stills lacks jurisdiction over breach of contract claims, pursuant to the Tucker Act 28 U.S.C. § 1491(a)(1). *Brown v. United States of America*, 389 F.3d 1296, 97 (D.C. Cir. 2004).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion to dismiss and dismiss the Complaint with prejudice.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


\_\_\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530

*Of Counsel:*
Stephen Arthur Bailey, Esq.
CSOSA, General Counsel's Office
633 Indiana Avenue, NW
Washington, DC 20004

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of May, 2007, I caused the foregoing *Reply in Support of Motion to Dismiss in lieu of an Answer* to be served on *pro se* Plaintiff, postage prepaid, addressed as follows:

**JOHNNY RAY CHANDLER, SR.**
**R11977-007**
**PETERSBURG FEDERAL CORRECTIONAL CENTER**
**Medium**
**P.O. Box 90043**
**Petersburg, VA  23804**

                                             /s/
                                      MERCEDEH MOMENI
                                      Assistant United States Attorney
                                      555 4th Street, NW
                                      Civil Division
                                      Washington, DC 20530
                                      (202) 305-4851
                                      (202) 514-8780 (facsimile)