United States District Court
for the District of Columbia

Civil Division

Johnny Ray Chandler, Sr.,

    Plaintiff,

V.　　　　Civil Action No. 06-cv-1314(P.L.F.)

Matthew Kiely, et al.,

    Defendants,

RECEIVED
JUN 1 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiffs' Rebuttal to the Defendants Reply in Support of its Motion To Dismiss in Lieu of an Answer.

    Plaintiff, Johnny Ray Chandler, Proceeding Pro-Se, hereby submits the following rebuttal to the Defendants Motion to dismiss in lieu of an answer.

    In support of this Motion, Plaintiff refers this Court to the following Memorandum of Points and Authorities.

1.

Respectfully Submitted,

Johnny Ray Chandler, Sr.
Fed. Reg. No. 11977-007
FCC Petersburg - Medium
P.O. Box 90043
Petersburg, Va. 23804-9003

Memorandum of Points and Authorities in Support of Plaintiffs' Rebuttal To the Defendants Reply in Support of it's Motion To Dismiss in Lieu of an response

A.   Introduction

This Complaint was initially filed in the Superior Court of the District of Columbia. The instant Complaint was filed by Plaintiff for Breach of Contract. The Defendants Counsel alleged that Plaintiff negotiated a Contract with the government. If, this Court would view exhibit A- pp. 2. This Court will clearly see that it was signed under protest. This should prove to this Court that Plaintiff did not negotiate or attempt to negotiate a Contract with the government.

2.

Moreover, Defendants alleged that Plaintiff can not enter into a Contract with the government in reference to the conditions of his Parole\release.

If this Court would examine the Contract Theory. This Court will see that there are three (3) phases of the Parole Release that makes it a binding Contractual Agreement:

(1). First, Plaintiff's release on parole by the parole authorities (U.S.P.C.) was contingent upon this Plaintiff's acceptance of the conditions of such release.

(2). Plaintiffs' acceptance constitutes a contractual obligation on the part of this Plaintiff. The government made an initial Contractual offering of parole, (with stipulations). Plaintiff accepted the conditions specified in the Parole Certificate. (Exhibit B)

(3). If, the conditions are violated, there is a "breach of Contract" that justifies Revocation.

Moreover, the obvious difficulty in the Contract Theory is that Plaintiff had no bargaining power in determining the terms of the Contract.

Here in this Claim. Which is presently before

3.

the Court. The terms of the Contract was established and breached by the Defendants. Also, in Defendants Motion, Id. at 2(2), Defendants Counsel alleged that CSOSA Counsel conducted a good-faith search of Plaintiffs' files and found no document with a G.P.S. End Date. Apparently they did not examine the documents, that they produced as exhibits. If, this Court would view Plaintiffs' Exhibit A. (↑↑). This Court would clearly see that it states, "GPS Start Date: 4/21/06 GPS End Date: 6/20/2006.

Just like the terms of a standard Contract. The G.P.S. Contract has all of the elements of a Contract (1) It has Terms, (2) It has a starting Date, (3) It has an ending Date. On the day and date that the G.P.S. was to be removed. The Defendants refused to remove it. Whereby creating a Breach of Contract.

B.        Rule 12(b)(1) and 12(b)(6)

"Pursuant to Fed. R. Civ. Pro. 12(b)(6), the Court "must" treat the Complaint's factual allegations including mixed questions of law and fact as true and draw all reasonable inferences in the plaintiff's favor. Warren V. District of Columbia, 353 F.3d 36, 40 (D.C. Cir. 2004); Holy Land Found. for Relief to Dev. V. Ashcroft, 333 F.3d 156, 165 (D.C. Cir. 2003). It is not necessary for

4.

the plaintiff to plead all elements of his prima facie case, See Swierkiewicz V. Sorema, N.A. 534 U.S. 506, 511-14, 122 S.Ct. 992, 152 L.ed 2d 1 (2002), or "plead law or match facts to every element of a legal theory," Krieger V. Fadely, 211 F.3d 134, 136 (D.C. Cir. 2000).

Moreover, the Court "Will not" dismiss a Complaint for Failure to state a claim unless the defendants can show beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief, Kingman Park Civic Ass'n V. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003); Gilvin V. Fire, 259 F.3d 749, 756 (D.C. Cir. 2001)

Here in this claim, Plaintiff has provided this Court with evidence to support his claim for breach of Contract. Plus, this case has all of the elements needed to state a Claim for relief.

C. Certification of Claim

Defendants Counsel alleges that plaintiff has not certified his Claim.

As plaintiff stated earlier. This Complaint was initially filed in the Superior Court of the District of Columbia. Prior to the filing in

5.

that Court. Plaintiff certified his claim. That certification of claim, should carry over into this Court. To further insure this complaint, Plaintiff makes the following certification of claim.

1. I, hereby certify that this claim has never been raised or disposed of on it's merits.

2. I, certify that this claim is neither frivolous or harrassing

3. I, certify that this complaint does not fail to state a claim.

Wherefore, in the interest of Justice and Access to the Court, under the First Amendment, I, Plaintiff Johnny Ray Chandler, Sr, Respectfully moves this Court to Grant me Leave to continue with the full and complete litigation of this claim. Also, Plaintiff moves this Court to Deny Defendants Motion to Dismiss.

Respectfully Submitted,

Johnny Ray Chandler, Sr.

## Certificate of Service

I, hereby certify that a true and correct copy of the foregoing Rebuttal Motion, Exhibits and the Certificate of Service was mailed, U.S. First Class Mail, postage prepaid. On this  15th  day of June, 2007, To:

CC: Mr. Mercedeh Momeni
Asst. U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

Respectfully Submitted,

Johnny Ray Chandler

7.