United States District Court
for the District of Columbia

Civil Division

RECEIVED
SEP 26 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Johnny Ray Chandler, Sr.,

    Plaintiff,

    V.    Civil Action No. 06-CV-1314 (P.L.F.)

Matthew Kiely, et al.,

    Defendants.

Plaintiffs' Motion To Produce Evidence

    Comes now Plaintiff, Johnny Ray Chandler, Sr. Pursuant to the Fed. R. Civ. Pro and the Rules of this Court. Respectfully moves this Court to accept into the Record, the following evidence.

    In support of this Motion. Plaintiff refers this Court to the following Memorandum of Points and Authorities.

    Respectfully Submitted,
    Johnny Ray Chandler

Plaintiff's Memorandum of Points and Authorities in support of his Motion To produce evidence

Plaintiff Pro Se, Johnny Ray Chandler, Sr. Respectfully moves this Honorable Court to accept into the Record, His evidence in the above claim.

The above claim was filed pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671. Under that Provision, Plaintiff is obligated to exhaust his remedies by submitting his claims to the appropriate agency.

In the enclosed Exhibit (A), The Court will see that plaintiff has submitted his claims to the C.S.O.S.A. General Counsel, Mr. Arthur Elkins, for reconsideration.

Wherefore, in the interest of Justice, Plaintiff respectfully moves this Court to accept the following evidence.

Respectfully Submitted,

Johnny Ray Chandler

## Certificate of Service

I, plaintiff Johnny Ray Chandler hereby certify that a true and correct copy of the foregoing Motion to Produce Evidence, the Certificate of Service and the Exhibit. Was mailed, U.S. First Class Mail, postage prepaid on this 27 day of September, 2007 To:

CC: Mr. Mercedeh Momani
Asst. U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530

Respectfully Submitted,

Johnny Ray Chandler, Sr.
Reg. No. 11977-007
U.S.P. Allenwood
P.O. Box 3000
White Deer, Pa. 17887

07/03/06  14:27 FAX 2022205350    Offender Supervision    ⓩ004
Feedbacks - Satellite Tracking of People LLC

Exhibit A.
Page 1 of 2



**Satellite Tracking of People LLC**

## GPS Monitoring
## Offender Profile Report

Johnny Chandler

Device Id: B00454
Agency Id: 258-816
Height: 5' 7
Hair Color: BLACK
Gender: MALE
Birth Date: 11/11/1953
Home Address: 6015 8TH STREET NW
ARLINGTON, DC 20011
Home Phone:
Work Address: 600 N. GLEBE ROAD
ARLINGTON, VA 22203
Work Phone: 540-717-3482
GPS Start Date: 4/21/2006

Bracelet Id: (none assigned)
CI & I Number: 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
Weight: 147
Eye Color: BROWN
Race: BLACK

Agent/Officer: GREGORY CAMPOS
Agent Phone: 202-585-7434
Make/Model:
Year/Color:
Plate Number:

GPS End Date: 6/20/2006



**Signatures**

The following rules apply to the Global Positioning Satellite System (GPS) Electronic Monitoring (EM) Equipment. Failure to comply with the following conditions would constitute a violation of your parole/probation/supervised release and subject you to possible revocation.

1. You will wear an ankle bracelet at all times and will not remove the bracelet yourself for any reason.

2. You will charge the GPS equipment twice daily for a minimum of 30 minutes each time.

3. You will respond to any and all efforts to communicate with you initiated by your Supervisory Officer or other representative of this agency.

4. You will report any perceived defects, damage or malfunctions of the equipment immediately to your Supervisory Officer or other representative of this agency.

5. You will return the GPS equipment in good working order once this agency determines that it is time for you to be removed from the system.

6. You will allow any representative of this agency to inspect the equipment assigned to you upon request.

7. You are responsible for the care of the equipment issued to you. You may be held financially responsible for any malicious damage to the equipment and be criminally prosecuted for equipment theft.

**OTHER INSTRUCTIONS**

1. You understand that all movement will be tracked and stored as an official record.

2. You will follow all established home, work, etc. rules. Deviation from your schedule and/or approved travel routes is a violation.

3. You will not enter areas that are defined as off limits.

4. You will notify your Community Supervision Officer of all court proceedings and the outcomes of such proceedings while you are being electronically monitored.

The rules of the Electronic Monitoring Program have been provided to me. I fully understand what is expected of me, and the possible consequences of my failure to comply with these rules.

My signature confirms the above, as well as my receipt of the Electronic Monitoring Equipment.

| Participant Name | Participant Signature | Date |
|---|---|---|
| Johnny Chandler | Johnny Chandler under protest | 5/31/06 |
| Supervisor Name | Supervisor Signature | Date |
| Gregory Campos | Bryan Ayers / MB | 5/31/06 |



**Court Services and Offender Supervision Agency**
**for the District of Columbia**

*Office of the General Counsel*

July 27, 2007

**VIA CERTIFIED MAIL**

Johnny Ray Chandler, Sr.
R11977-007
Petersburg Federal Correctional Center – Medium
P.O. Box 90043
Petersburg, Virginia 90043

      Re: Administrative Claims FTCA-07-04 and FTCA-07-05

Dear Mr. Chandler:

On March 5, 2007, and May 23, 2007, respectively, the Court Services and Offender Supervision Agency ("CSOSA" or "Agency") received claims, which have been assigned the above-referenced claim numbers and in each of which you allege breach of contract and request $10,000 in damages. After careful examination, we have determined for the reasons that follow that each of the claims you have submitted under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, should be denied.

The Federal Tort Claims Act authorizes the filing of administrative claims against a federal agency for tortious acts committed by the Government and not for breach of contractual duties committed by the Government. *See, e.g., Petersburg Borough v. United States*, 839 F.2d 161, 162 (3rd Cir. 1988). Even if we were to construe your breach of contract claims as causes of actions that sound in tort, we would still deny them on grounds, *inter alia*, that the alleged actions by the Agency employees of which you complain are immune from action because they were properly taken within the scope of the employee's duties in supervising you in accordance with the terms and conditions of parole and of the Agency's rules and policies. Insofar as you maintain that an agreement existed relating to your parole, we note that several courts have held that a parolee does not have bargaining power in the negotiation of the term of "his parole agreement, does not enter into the parole agreement on an equal status with the government, cannot object to terms he may think unreasonable and, since the parole agreement is presented to him on a take-it or leave-it basis, has no reasonable choice but to sign the agreement regardless of its terms." *Hahn v. Burke*, 430 F.2d 100, 104-105 (internal citations omitted), *cert. denied* 420 U.S. 933 (1971). Finally, with respect to your particular claims, I note that no agreement existed between CSOSA and you that specified a date certain on which the global positioning device would be removed.

For the reasons stated above, the claims you have submitted are not for injuries for which administrative relief is available under the Federal Tort Claims Act. Accordingly, each of these

claims is hereby denied. As provided in 28 C.F.R. §801.4(b)(1), you have 30 days from the date of this written notification to make a written request that the agency reconsider its denial of your claims. Also, as provided in 28 C.FR. §801.4(b)(2), you have 6 months from the date of notice of these denials to file civil actions in the appropriate U.S. District Court.

Sincerely,

Arthur Elkins
General Counsel

Memorandum

To: Mr. Arthur Elkin
    General Counsel
    Court Services and Offender
    Supervision Agency for the
    District of Columbia
    633 Indiana Ave., N.W., 12th Floor
    Washington, D.C. 20004

From: Johnny Ray Chandler, Sr.
      Reg. No. 11977-007
      FCC Petersburg-Medium
      P.O. Box 90043
      Petersburg, Va. 23804-9003

Subject: Reconsideration of claims.

RE: Administrative Claims, FTCA-07-04 and FTCA-07-05

Date: August 9, 2007

Dear Mr. Elkin:

On August 3, 2007 I received your response in reference to the above administrative claims. In your response you denied my claim. Furthermore, you stated that pursuant to 28 C.F.R. §801.4(b)(1), I had 30

days to request reconsideration of the denial of my claims.

Also, in your letter, you stated that, "I note that no agreement existed between CSOSA and you that specified a date certain on which the global positioning device would be removed."

In response to that statement, and in support of my request for reconsideration, I refer your attention to the following document (exhibit A)

In that document, you will clearly see that the GPS had a starting date of: 4\21\2006 and a GPS Ending date of: 6\20\2006.

Wherefore, based on the enclosed evidence in support of my claim, I, respectfully request that my claims be given reconsideration.

Sincerely,

Johnny Ray Chandler, Sr.