UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY RAY CHANDLER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1314 (PLF) |
| ) | |
| MATTHEW KIELY, *et. al*, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively.[1] Upon consideration of defendant's motion, plaintiff's opposition, defendant's reply, plaintiff's surreply, and the entire record in this case, the Court concludes that it is without subject matter jurisdiction to decide this matter. It therefore will grant defendant's motion and dismiss this case without prejudice.

---

[1] The papers submitted in connection with this matter include: Defendant's Motion to Dismiss in Lieu of an Answer ("Def.'s Mot."); Plaintiff's Rebuttal to the Defendant's Motion to Dismiss in Lieu of an Answer ("Pl.'s Opp."); Defendant's Reply in Support of its Motion to Dismiss in Lieu of an Answer ("Def.'s Reply"); and Plaintiff's Rebuttal to the Defendant's Reply in Support of Its Motion to Dismiss In Lieu of An Answer ("Pl.'s Surreply").

I.  BACKGROUND

In 2006, *pro se* plaintiff Johnny Ray Chandler was on parole in the District of Columbia. His parole was supervised by the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA"). See Plaintiff's Complaint at 1 ("Compl."). According to Mr. Chandler, on April 21, 2006, he was informed that the conditions of his parole agreement had been altered such that he would be required to wear a Global Positioning System ("GPS") tracking device. See id. at 1-2. Plaintiff contends that, at that time, he was told that the GPS device would be removed by June 20, 2006 provided that he fulfilled certain obligations. See id. at 2. On June 20, 2006, Mr. Chandler was contacted by Gregory Campos, a CSOSA employee, and asked to report to CSOSA. See id. Plaintiff expected to have the GPS device removed at that time; instead, he was informed that he would be required to wear the device for another 60 days. See id. According to Mr. Chandler, he was given no advance notice of this extension, nor was he advised of "any violations that [he had] committed that would warrant" such an extension. See id. Mr. Chandler regards this extension of the GPS condition as a "breach" of his parole "contract," see Compl. at 2, and that "breach" forms the basis of his complaint.

Plaintiff first filed this action in the Superior Court of the District of Columbia. See Compl. at 1. In his complaint, Mr. Chandler charged Mr. Campos and Matthew Kiely, apparently Mr. Campos' supervisor, with "malicious breach of contract." See id. at 2. He sought damages in the amount of $50,000 from each defendant. He also sought a court order terminating the GPS condition and ordering the GPS device removed. See id.[2]

---

[2] Mr. Chandler was returned to prison for parole violations after he filed this suit. See Def.'s Mot. at 1 n.2; Pl.'s Opp. at 4. Because the GPS device was removed upon his return to prison, Mr. Chandler's claim for injunctive relief is now moot.

CSOSA is an agency of the United States government, not an agency of the District of Columbia government. See D.C. Code § 24-133(a), (c) (establishing CSOSA "within the executive branch of the Federal Government" to "provide supervision, through qualified supervision officers, for offenders on probation, parole, and supervised release pursuant to the District of Columbia Official Code . . . on behalf of the court or agency having jurisdiction over the offender being supervised"). Therefore, on July 25, 2007, the United States invoked 28 U.S.C. §§ 2679(d)(1) and 2679(d)(2), substituted the United States as the defendant in this matter, and removed the suit to this Court. See Notice of Removal at 2.[3] Thereafter, defendant, the United States, filed a motion to dismiss.

---

[3]  28 U.S.C. § 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). The government attached the required certification to its Notice of Removal. See Notice of Removal, Ex. 1, Westfall Certification.

28 U.S.C. § 2679(d)(2) provides, in pertinent part:

> [A]ny [such] civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

28 U.S.C. § 2679(d)(2).

## II.  MISCELLANEOUS MOTIONS

Mr. Chandler has filed several miscellaneous motions during the pendency of this action.  See Plaintiffs' Request for an Extension of time to Respond and Rebut the Defendant's Motion ("Extension Mot."); Plaintiff's Motion to Produce Evidence ("First Evidence Mot."); Plaintiff's Motion to Produce Evidence ("Second Evidence Mot."); Plaintiff's Request to Amend Complaint and Supplement the Pleadings ("First Amendment Mot."); Plaintiff's Request for Leave to Amend Complaint and Supplement the Pleadings ("Second Amendment Mot.").  For the sake of clarity and efficiency, the Court addresses all of these motions at the outset.

Mr. Chandler's Extension Motion seeks leave to file a surreply to defendant's motion to dismiss on or before June 30, 2007.  See Extension Mot. at 1.  As Mr. Chandler filed a surreply on June 19, 2007, this motion will be denied as moot.

Mr. Chandler's First Evidence Motion seeks leave to submit evidence that he has filed an administrative claim against CSOSA, pursuant to the Federal Tort Claims Act, regarding CSOSA's decision to extend the GPS condition.  See First Evidence Mot. at 2.  Mr. Chandler's Second Evidence Motion seeks leave to submit evidence that Mr. Chandler has submitted the above-mentioned administrative claim to the General Counsel of CSOSA for reconsideration.  See Second Evidence Mot. at 2.  The Court will grant both motions and consider the evidence submitted as part of its inquiry into whether it has subject matter jurisdiction in this case.

Mr. Chandler's First Amendment Motion seeks leave to amend his complaint to "include the tort of harassment" against defendant on the ground that CSOSA imposed a curfew on Mr. Chandler some time in 2006.  See First Amendment Mot. at 2-3.  The Court will deny this motion because it is futile.  See James Madison, Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir.

1996) (district courts may deny a motion to amend if the proposed claim would not survive a motion to dismiss). Such claims are barred by the United States' sovereign immunity unless plaintiffs first exhaust their administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq*. See McNeil v. United States, 508 U.S. 106, 113 (1993); Simpkins v. District of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997) (citing Odin v. United States, 656 F.2d 798, 802 (D.C. Cir. 1981)); GAF Corp. v. United States, 818 F.2d 901, 919-20 (D.C. Cir. 1981). By his own admission, Mr. Chandler has *not* exhausted his administrative remedies with respect to his harassment claim. See First Amendment Mot. at 3.[4] His harassment claim therefore could not survive a motion to dismiss, and so the Court will deny this motion as futile.

Mr. Chandler's Second Amendment Motion seeks leave to amend his complaint to include a Fourteenth Amendment due process claim based, again, on the imposition of the curfew described above. See Second Amendment Mot. at 3-4 (arguing that the curfew was imposed without notice and a right to be heard, and infringed upon Mr. Chandler's "protected liberty interest" in engaging in social activities). Because the Fourteenth Amendment's due process clause applies to the states, not to the federal government, the Court will deny this motion to amend on futility grounds as well.[5]

---

[4] It appears that, on January 6, 2008, Mr. Chandler filed an administrative complaint regarding the harassment he allegedly suffered. See First Amendment Mot., Ex. 1, Administrative Claim Submitted to CSOSA. As a result, Mr. Chandler may not file his harassment claim in federal court until (1) CSOSA has "finally denied" his claim or (2) six months have passed from the date he filed the claim. 28 U.S.C. § 2675(a). Of course, neither condition obtains here.

[5] Even if Mr. Chandler had sought leave to amend the complaint to add a due process claim under the *Fifth* Amendment – which does apply to the federal government – his proposed claim likely would have been futile. Cf. Jago v. Van Curen, 454 U.S. 14, 19 (1981) (noting, in the context of a Fourteenth Amendment due process claim, that "[w]e would severely

III.  MOTION TO DISMISS UNDER RULE 12(b)(1)

Federal courts are courts of limited jurisdiction.  They may hear only those cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress.  See, e.g., Loughlin v. United States, 393 F.3d 155, 170 (D.C. Cir. 2004); Hunter v. District of Columbia, 384 F. Supp. 2d 257, 259 (D.D.C. 2005); Srour v. Barnes, 670 F. Supp. 18, 20 (D.D.C. 1987) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)).  Although *pro se* complaints are held to a less stringent pleading standard than complaints drafted by attorneys, see Wright v. Foreign Svc. Grievance Bd., Civil Action No. 06-0526, 2007 WL 2219317, at *4 (D.D.C. Aug. 3, 2007), all plaintiffs bear the burden of establishing subject matter jurisdiction.  See Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F. Supp. 2d 68, 72 (D.D.C. 2004).  A court must accept all the factual allegations in the complaint as true when evaluating a motion to dismiss for lack of subject matter jurisdiction, see United States v. Gaubert, 499 U.S. 315, 327 (1991), but it may also consider any undisputed facts in the record, or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

---

restrict the necessary flexibility of prison administrators and parole authorities were we to hold that any one of their myriad decisions with respect to individual inmates may, as under the general law of contracts, give rise to protected 'liberty' interests"); Pena v. Travis, Civil Action No. 01-8534, 2002 WL 31886175, at *13 (S.D.N.Y. Dec. 27, 2002) ("Because the imposition of special [parole] conditions is left to the discretion of the Board of Parole and parole officers, plaintiff does not have a protected liberty interest in being free from special conditions.").

As noted above, Mr. Chandler brings suit against the United States on a contract theory, and he seeks damages in excess of $10,000. As a result, jurisdiction over his claim lies with the Court of Federal Claims – not with this Court. See 28 U.S.C. § 1491(a); see also Hansson v. Norton, 411 F.3d 231, 232 (D.C. Cir. 2005); Brown v. United States, 389 F.3d 1296, 1297 (D.C. Cir. 2004) (affirming dismissal where "case should have been brought in the Court of Federal Claims pursuant to the Tucker Act because [plaintiff] advance[d] a contract claim against the United States in excess of $10,000"). The Court therefore will grant defendant's motion to dismiss this case for lack of subject matter jurisdiction – without prejudice – pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

An Order consistent with this Memorandum Opinion will issue this same day.

SO ORDERED.


_____/s/_____
PAUL L. FRIEDMAN
United States District Judge


DATE:  March 21, 2008